**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.B.-W.**

**No. 21-0445** (Kanawha County 19-JA-469)

**MEMORANDUM DECISION**

Petitioner Father A.B., by counsel Brenden D. Long, appeals the Circuit Court of Kanawha County's April 30, 2021, order terminating his parental rights to A.B.-W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Sharon K. Childers, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motions for a parental fitness evaluation, an improvement period, and post-termination visitation.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed the initial abuse and neglect petition in July of 2019, alleging that petitioner allowed the child to be abused and neglected by permitting the mother to retain custody of the child despite the fact that her parental rights to at least one older child were involuntarily terminated in a prior proceeding. The DHHR also alleged that the child, then three years old, was often seen outside unsupervised for long periods; was frequently tardy for school and arrived with a soiled diaper; was behind on his vaccinations; and frequently had head lice. In November of 2019, the DHHR filed an amended petition alleging that petitioner was currently incarcerated and

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner does not assign as error the termination of his parental rights.

1

could not care for the child. The DHHR also alleged that petitioner presented a threat to the child by virtue of a prior charge and/or conviction for sexually abusing a child.

In December of 2019, the circuit court held an adjudicatory hearing. Based on the evidence, the court found that petitioner had no relationship with the child, as supported by petitioner's admission that he had never met A.B.-W. The court also found that petitioner's conviction of sexually abusing a child placed A.B.-W. in danger of future harm if placed in petitioner's care. As such, the court adjudicated petitioner as an abusing and neglecting parent. At that time, petitioner moved for an evaluation to determine his future risk of sexually offending, which the circuit court denied.

In March of 2021, the guardian filed a report in anticipation of the dispositional hearing scheduled for March 8, 2021, that recommended termination of petitioner's parental rights.[3] According to the guardian, petitioner remained incarcerated in Pennsylvania during the entirety of the proceedings. The guardian cited petitioner's previous testimony that he was serving additional time for failing to register as a sex offender and that "his end date is February 2022." The guardian recommended that petitioner be denied post-termination visitation with the child because there was no evidence that any type of contact would be in the child's best interests.

The court held the dispositional hearing as scheduled in March of 2021, at which point petitioner moved the court to hold disposition in abeyance and order a "parental fitness/psychological/substance abuse evaluation." The court denied that motion. Turning to disposition, the court reiterated that petitioner remained incarcerated throughout the entirety of the proceedings and had never met the child. The court considered all evidence and testimony concerning petitioner's conviction of sexual abuse of a minor and denied his motion for an improvement period upon finding that he could not participate in services. The court further stressed that petitioner was "not a candidate for an improvement period due to his conviction of sexual crimes against [a] child" and that "[h]is own heinous actions have prevented him from knowing and providing for the child." The court also found that petitioner left the child in the care of the mother and her various paramours who abused and neglected the child. Accordingly, the court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that the child's best interests required termination of petitioner's parental rights. The court also denied petitioner's request for post-termination visitation.[4] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

---

[3]According to the limited record on appeal, the delay between petitioner's adjudication in December of 2019 and the filing of this report in anticipation of the dispositional hearing held on March 8, 2021, was caused, in part, by paternity testing for petitioner and the DHHR's failure to timely file permanency plans. It was not until January 12, 2021, that petitioner was declared to be A.B.-W.'s biological father.

[4]The mother's parental rights were also terminated. The permanency plan for the child is adoption in the current foster home.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner's brief to this Court is woefully insufficient. Although he alleges error in the denial of multiple motions, petitioner presents only one page of argument in support and fails to cite to any legal authority to support his position. The only citation in the entirety of petitioner's brief is to the standard of review. This is in direct contradiction to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which requires that "[t]he brief must contain an argument exhibiting clearly the points of . . . law presented . . . and citing the authorities relied on." Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" and "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented" are not in compliance with this Court's rules. In that order, this Court went on to instruct that "all of the requirements of the Rules must be strictly observed by litigants" because "[t]he Rules are not mere procedural niceties; they set forth a structured method to permit litigants and this Court to carefully review each case." In ordering that all litigants before this Court must comply with the Rules of Appellate Procedure, the Court cautioned that "[p]ursuant to Rule 10(j), failure to file a compliant brief 'may result in the Supreme Court refusing to consider the case, denying argument to the derelict party, dismissing the case from the docket, or imposing such other sanctions as the Court may deem appropriate.'"

Because of the inadequacies of petitioner's brief, this Court cannot carry out a thorough review of petitioner's various arguments. However, the record is abundantly clear that petitioner is entitled to no relief. In regard to his motion for a parental fitness/psychological evaluation, petitioner cites to no authority that the circuit court was required to grant such an evaluation prior to disposition. Further, as it relates to petitioner's motion for an improvement period, we conclude that no error occurred because petitioner does not specifically challenge the court's ruling and, instead, simply asserts that it was error to deny the motion. However, the decision to grant or deny an improvement period rests in the circuit court's sound discretion, and petitioner cites to no authority that would cause this Court to believe that this discretion was abused. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."). Finally, petitioner fails

to explain why he should be entitled to post-termination visitation with a child he has never met when this Court has explained that, in ruling on post-termination visitation, "circuit court[s] should consider whether a close emotional bond has been established between parent and child." Syl. Pt. 5, in part, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995). There is simply no evidence in the record that petitioner and the child have any bond, let alone a close bond. Because of petitioner's failure to provide any meaningful argument in support of his appeal, we find that he is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 30, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: November 8, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton